FILED
U.S. DISTRICT COURT

2003 APR 28  PM 3: 22

GARY D. McFARLAND
CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **CATHERINE GEISTKEMPER** ) | Case No. 4:03CV3153 |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| **SANDHILLS PUBLISHING COMPANY,** ) | |
| **a Nebraska Corporation** ) | |
| ) | |
| **Defendant.** ) | |

COMES NOW, the Plaintiff, Catherine Geistkemper, by and through counsel, and for her cause of action against the Defendant, states and alleges as follows:

## PRELIMINARY STATEMENT

1. This action seeks declaratory, injunctive, and equitable relief, costs and reasonable attorney fees, damages, and other appropriate relief, necessary to redress the Plaintiff's injuries suffered as a result of Defendant's discrimination.

## JURISDICTION

2. The Plaintiff brings her First and Second Causes of Action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq as amended. The Plaintiff's Third and Fourth Causes of Action are brought pursuant to Neb. Rev. Stat. §§48-1101, et. seq, the Nebraska Fair Employment Practice Act.

3. This Court has jurisdiction over the federal claim pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1343 (3) and (4), and over the State law claims pursuant to it's Pendant

Jurisdiction.

4. Costs and attorney fees may be awarded pursuant to Neb. Rev. Stat. §§48-1001 et. seq., 42 U.S.C. §§ 1988 and Fed.R.Civ.P. 54.

## VENUE

5. This action properly lies in the District of Nebraska as at all times relevant hereto, Catherine Geistkemper, was a resident of Nebraska, and the Defendant, Sandhills Publishing Company, was a corporation doing business in Nebraska.

## ADMINISTRATIVE PREREQUISITES

6. The Plaintiff timely filed charges of sex discrimination and retaliation against the Defendant with the Nebraska Equal Opportunity Commission on June 28, 2002.

7. Plaintiff's charges of discrimination against the Defendant were thereafter timely filed with the Equal Employment Opportunity Commission.

8. Plaintiff's charges of discrimination against the Defendant were filed with the Nebraska Equal Opportunity Commission and the Equal Employment Opportunity Commission within 300 days of the Defendant's unlawful actions.

9. Plaintiff received her Right to Sue Letter from the Equal Opportunity Commission on January 30, 2003, and from the Nebraska Equal Opportunity Commission on April 23, 2003. This lawsuit is filed within ninety days of the Plaintiff's receipt of those findings.

## PARTIES

10. The Plaintiff, Catherine Geistkemper, is a female citizen of the United States, and at all times relevant hereto, was a resident of the state of Nebraska, residing in Lincoln, Lancaster, Nebraska. At all times relevant to the actions complained of herein, she was an employee within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, as amended; and, and within the meaning of Neb. Rev. Stat. § 48-1102 (7).

11. The Defendant, Sandhills Publishing Company, is a Nebraska corporation doing business in Lancaster County, Nebraska. The Defendant's primary service and office site is located at 120 West Harvest Drive, Lincoln, Lancaster County, Nebraska.

12. Defendant, Sandhills Publishing Company is a "employer" within the meaning of Title VII, and within the meaning of Neb. Rev. Stat. § 48-1102 (2), having over 15 employees.

13. All the discriminatory employment practices alleged herein were committed within the State of Nebraska.

## FACTS

14. Plaintiff, a female, was hired by Sandhills Publishing Company on May 21, 2001, as a writer for Smart Computing magazine, one of the magazines published by the Defendant. Plaintiff obtained a Bachelor of Journalism degree from the University of Nebraska in May 2001. Plaintiff was informed when she was hired that no computer

magazine writing experience was necessary. The Plaintiff was qualified for the position that she held with the Defendant, and at times pertinent hereto, was performing her job satisfactorily.

15. Sandhills Publishing is an information processing company (see www.sandhills.com). It's range of products includes six trade publications for the construction, trucking, aircraft, and computer industries, as well as consumer computer magazines. It also offers specialized electronic information services to several of the industries it serves, and provides full-featured Web sites containing the content of it's print publications and more.

16. Plaintiff was informed when she was hired that she would receive a base salary of $500.00 a week, and that after ninety days she would be qualified for incentive pay, which meant she would be paid by the number of pages she wrote.

17. Plaintiff was the only female writer assigned to the Smart Computing magazine. Male staff writers who were assigned to Smart Computing magazine at times relevant to this lawsuit included: Chad Denton, Nathan Chandler, Cal Clinchard, Marty Sems and Michael Sweet. All of these male writers were on incentive pay.

18. During her tenure at Sandhills Publishing, Plaintiff met her deadlines, got along well with her colleagues and was told through e-mails from various editors that her work was satisfactory.

19. Commencing in August of 2001, Katie Dolan, a content editor, with the

approval and authorization of Ron Kobler, subjected the Plaintiff to differential treatment based on sex. Plaintiff complained to Ron Kobler, and he did nothing to stop said treatment. Males were not treated in a similar manner.

20. The Plaintiff was treated differently than her male co-workers, who held the same position as the Plaintiff, by Katie Dolan, a content editor for Smart Computing magazine in the following ways:

A. Despite Plaintiff turning her articles in on time, Plaintiff would not receive them back from Ms. Nolan for two to three weeks in order for corrections to be made. To the best of the Plaintiff's knowledge, male writers did not experience such delays, and according to Mr. Kobler, the turnaround time should have been approximately forty-eight hours;

B. Plaintiff also had a conflict with Ms Dolan with regard to the use of the word "sport" in an article the Plaintiff wrote on a $99.00 scanner. After this conflict, Plaintiff received a poor performance review, wherein she was told she was difficult to work with which resulted in a decrease in her workload. To the best of the Plaintiff's knowledge, male writers did not experience such criticism;

C. Despite a company policy against plagiarism, writer Michael Sweet (male) rewrote one of Plaintiff's articles, and utilized much of her work in his article without being disciplined. Moreover, when the article was authored by

Plaintiff, Ms. Dolan had problems with the piece, yet when Sweet used the same paragraphs from the Plaintiff's piece in his article, under his name, only one minor such problem was noted by Dolan. Mr. Sweet was paid for the entire article, and the Plaintiff received no payment for the portions of the article that she authored;

D. Plaintiff's articles were often rewritten, whereas male writers did not have their articles rewritten;

E. Ms. Dolan would respond to the male writers request for help and guidance, but ignored similar requests from the plaintiff. Plaintiff never heard Ms. Dolan refuse a request for help by any male writer;

F. When Plaintiff was hired she was informed that she would receive incentive pay after three months, however, when her employment was terminated she had still not receive incentive pay. Male writers Chad Denton, Nathan Chandler, Cal Clinchard, Marty Sems and Michael Sweet received incentive pay;

G. Every writer assigned to the Action Editor column investigated consumer problems and questions for three months before the position rotated to the next writer. The Action Editor was responsible for resolving three conflicts in each issue in Smart Computing. Plaintiff had been Action Editor for one month when Kobler and Dolan removed Plaintiff from the assignment and

gave the position to Michael Sweet;

H. Ms. Dolan would personally discuss articles with the male writers, yet Ms. Dolan communicated with the Plaintiff by e-mail. Demand is hereby made that any and all e-mail (to/from), voice mail (to/from), or other documentation concerning the Plaintiff from any Sandhills employee be maintained by the Defendant;

I. Ms. Dolan had different expectations for the male writers than she did for the Plaintiff, the only female writer on Smart Computing magazine;

21. Plaintiff had not received any complaints from any other editor at the time of her performance evaluation, nor had she experienced any other conflicts with any other editor except for Ms. Dolan.

22. In October of 2001, the Plaintiff was given an untimely and unsatisfactory performance evaluation from editor-in-chief Ron Kobler, based in large part on Ms. Dolan's evaluation of Plaintiff's work. To the best of Plaintiff's knowledge, Dolan accused Plaintiff of being difficult to work with and unwilling to change when disagreeing on copy decisions made by Ms. Dolan, yet, male writers using the same words or writing style as Plaintiff were not treated in the same manner;

23. Plaintiff complained about the differential treatment by Katie Dolan to Ron Kobler, Lesa Scarborough and Heather Thomas. After the Plaintiff voiced her complaints,

she was retaliated against. After Plaintiff complained to Kobler about the differential treatment from Dolan her work assignments were decreased which impacted her future performance evaluations and eligibility for incentive pay. In January 2002, the Plaintiff's work load was decreased further.

24. Other employees of the Defendant noticed the hostile and differential manner which Ms. Dolan displayed towards the Plaintiff. Said treatment was in direct conflict with Sandhills's formula for success which was "...hire the best and brightest people available and then provide them with the proper work environment. Sandhills Publishing views excellence as a natural byproduct that begins with the belief in, and respect for, each individual employee."

25. To the best of the Plaintiff's knowledge, other female writers employed previously to the Plaintiff, also were subjected to differential treatment by Ms. Dolan, and when they complained to Ron Kobler, their complaints were ignored.

26. Due to the hostility of her work environment Plaintiff started to experience stress which resulted in dizziness and other health problems.

27. Plaintiff was terminated on January 24, 2002. Despite company policies to the contrary, Plaintiff's termination was announced at a staff meeting by Ron Kobler. Kobler announced to staff that Plaintiff had been fired and that "this came as no surprise" that Plaintiff "knew her job was in jeopardy" and that while Plaintiff had tried very hard to improve to "our" level, things just didn't work out and that Plaintiff needed something that

8

"fit her better." To the best of Plaintiff's knowledge no other termination had been discussed at a staff meeting before.

28.     Plaintiff's sex was a motivating factor in Defendant's decision to terminate her employment.

29.     As a result of Defendant's action complained of herein, Plaintiff has suffered a loss of pay, fringe benefits, emotional distress and mental anguish and said discriminatory actions were taken by the Defendant with malice and reckless disregard of Plaintiff's' right to be free from sex discrimination and retaliation, and Plaintiff's damages are ongoing and Plaintiff continues to suffer said losses and will continue to suffer them into the future.

## FIRST CAUSE OF ACTION
## TITLE VII

COMES NOW the Plaintiff and for her First Cause of Action hereby incorporates paragraphs 1 - 29 of her complaint as if fully set forth herein, and further states:

30.     Pursuant to 42 U.S.C. §§ 2000e, the Plaintiff is a member of the protected class.

31.     At all times relevant hereto, the Plaintiff was qualified for the position she held at with the Defendant, to wit: writer for Smart Computing magazine.

32.     Plaintiff suffered an adverse employment action when the Defendant terminated her employment on January 24, 2002.

33.     Plaintiff's sex was a motivating factor in the Defendant's decision to terminate her employment.

34.     As a result of the aforementioned acts of the Defendant, the Plaintiff has suffered grievous harm.

35.     The aforementioned acts of the Defendant based on Plaintiff's sex constitute unlawful discrimination against the Plaintiff in violation of the provisions of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et. seq., as amended.

36.     As a proximate result of the Defendant's actions, Plaintiff has suffered lost wages, lost benefits, emotional distress, loss of enjoyment of life, inconvenience, incurred attorney fees, and pain and suffering.

WHEREFORE, the Plaintiff prays for judgment under the Title VII, of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq as amended, against Defendant, Sandhills Publishing Company and in her favor upon her First Cause of Action for back pay and lost fringe benefits, compelled employment, or front pay in lieu thereof; compensatory and punitive damages as allowed by law, costs, and reasonable attorney's fees incurred herein, and such other and further relief as the Court deems just and proper.

### SECOND CAUSE OF ACTION
### RETALIATION

COMES NOW the Plaintiff and for her Second Cause of Action hereby incorporates paragraphs 1 - 36 of her complaint as if fully set forth herein, and further states:

37.    Plaintiff engaged in a protected activity when she complained to Ron Kobler about the differential treatment she was subjected to by Katie Dolan.

38.    Plaintiff suffered an adverse employment action when she was terminated on January 24, 2002.

39.    A causal connection existed between participation in the protected activity and the adverse employment action.

40.    As a result of the aforementioned acts of the Defendant, the Plaintiff has suffered grievous harm.

41.    The aforementioned acts of the Defendant constitute retaliation and are in violation of the provisions of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et. seq., as amended.

42.    As a proximate result of the Defendant's actions, Plaintiff has suffered lost wages, lost benefits, emotional distress, loss of enjoyment of life, inconvenience, incurred attorney fees, and pain and suffering.

WHEREFORE, the Plaintiff prays for judgment under the Title VII, of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq as amended, against Defendant, Sandhills Publishing Company and in her favor upon her Second Cause of Action for back pay and lost fringe benefits, compelled employment, or front pay in lieu thereof; compensatory and punitive damages as allowed by law, costs, and reasonable attorney's fees incurred herein, and such other and further relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION
### NEBRASKA FAIR EMPLOYMENT PRACTICE ACT

COMES NOW the Plaintiff and for her Third Cause of Action hereby incorporates paragraphs 1 - 42 of her complaint as if fully set forth herein, and further states:

43. The actions of the Defendant, as hereinbefore set forth, constitute a violation of Neb. Rev. Stat. 48-1101 et. seq., the Nebraska Fair Employment Practice Act.

44. Pursuant to Neb. Rev. Stat. 48-1101 et. seq., the Plaintiff is a member of the protected class.

45. At all times relevant hereto, the Plaintiff was qualified for the position which she held with the Defendant, to wit:  writer for Smart Computing Magazine.

46. Plaintiff suffered an adverse employment action when the Defendant terminated her employment on January 24, 2002.

47. Plaintiff's sex was a motivating factor in the Defendant's decision to terminate her employment on January 24, 2002.

48. The aforementioned acts of the Defendant were based on Plaintiff's sex.

49. As a proximate result of the Defendant's actions, Plaintiff has suffered lost wages, lost benefits, loss of enjoyment of life, inconvenience, incurred attorney fees, and pain and suffering.

WHEREFORE, the Plaintiff prays for judgment under Neb. Rev. Stat 48-1101 et. seq., against Defendant, Sandhills Publishing Company, renewing her prayer upon the

foregoing Cause of Action and prays for judgment in her favor upon the Third Cause of Action for back pay and lost fringe benefits, compensatory damages as allowed by law, compelled employment, or front pay in lieu thereof, costs, and reasonable attorney's fees incurred herein, and such other and further relief as the Court deems just and proper.

## FOURTH CAUSE OF ACTION
## NEBRASKA FAIR EMPLOYMENT PRACTICE ACT

COMES NOW the Plaintiff and for her Fourth Cause of Action hereby incorporates paragraphs 1 - 49 of her complaint as if fully set forth herein, and further states:

50. The actions of the Defendant, as hereinbefore set forth, constitute a violation of Neb. Rev. Stat. 48-1101 et. seq., the Nebraska Fair Employment Practice Act.

51. Plaintiff engaged in a protected activity when she complained to Ron Kobler about the differential treatment she was subjected to by Katie Dolan.

52. Plaintiff suffered an adverse employment action when she was terminated on January 24, 2002.

53. A causal connection existed between participation in the protected activity and the adverse employment action.

54. As a result of the aforementioned acts of the Defendant, the Plaintiff has suffered grievous harm.

55. The aforementioned acts of the Defendant constitute retaliation and are in violation of the provisions Neb. Rev. Stat. §§ 48-1101 et. seq.

WHEREFORE, the Plaintiff prays for judgment under Neb. Rev. Stat 48-1101 et. seq., against Defendant, Sandhills Publishing Company, renewing her prayer upon the foregoing Cause of Action and prays for judgment in her favor upon the Fourth Cause of Action for back pay and lost fringe benefits, compensatory damages as allowed by law, compelled employment, or front pay in lieu thereof, costs, and reasonable attorney's fees incurred herein, and such other and further relief as the Court deems just and proper.

### REQUEST FOR JURY TRIAL AND PLACE OF TRIAL

The Plaintiff requests that a jury trial be held in Lincoln, Nebraska.

**CATHERINE GEISTKEMPER,**
Plaintiff

BY: *Terri M. Weeks*
Terri M. Weeks     #18349
**BOUCHER LAW FIRM**
700 Lincoln Square
121 S. 13th Street
Lincoln, NE 68508-1904
(402) 475-3865

*Attorneys for Plaintiff*